UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C.I.E., INC., | ) | |
| | ) | No. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| LP AMINA LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff C.I.E., Inc. ("CIE"), through its undersigned counsel, Babst, Calland, Clements & Zomnir, P.C., files the following Complaint against LP Amina LLC ("LPA"), averring as follows:

### INTRODUCTION

1.  LPA owes CIE $307,628.02 in commissions under the parties' Sales Representative Agreement for LPA products that LPA sold to a third-party through orders procured by CIE. LPA has failed to pay the commissions, in breach of the Sales Representative Agreement. LPA has also been unjustly enriched by CIE's services. CIE is entitled to recover the commissions due to it, as well as pre and post judgment interest and attorney's fees.

### PARTIES

2.  CIE is a Pennsylvania corporation with its principal place of business at 102 Broadway Avenue, Suite 304, Carnegie, PA 15106.

3.  LPA is a Delaware limited liability company with its principal place of business at 15720 John Delaney Drive, Suite 300, Charlotte, NC 28277.

{B3279856.5}                                    1

4. Upon information and belief, LPA has two members, Will Latta and Mark Forwerck, who are residents of North Carolina.

5. LPA regularly conducts business in this District.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of different states.

7. Pursuant to 28 U.S.C. § 1391(b)(2), this Court is a proper venue because many of the events giving rise to this action have occurred in the Western District of Pennsylvania.

## FACTUAL BACKGROUND

8. CIE is a sales representative company.

9. LPA is a multi-national environmental engineering company that provides pollution control technologies to a wide range of industries, including gas-fired power generation, cement, pulp and paper and industrial chemicals.

10. On December 17, 2011, CIE and LPA entered into a Sales Representative Agreement, attached hereto as Exhibit A ("Agreement").

11. The Agreement is governed by North Carolina Law. Agreement ¶ 18.

12. Under the Agreement, CIE marketed and solicited orders for LPA products in Virginia, West Virginia, and certain western counties of Pennsylvania and New York. *See* Agreement, Attachment No. 1.

13. Through CIE's efforts, LPA secured orders to sell its products to CMI Energy, LLC ("CMI").

14. CMI in located in Erie, Pennsylvania. CMI focuses on design, engineering, procurement, and aftermarket support for Heat Recovery Steam Generators (HRSGs).

15. The purchase orders between LPA and CMI were negotiated and finalized through CIE's efforts in this District.

16. The Agreement was amended on January 19, 2015 to provide for a flat commission rate of 3.5% for CMI projects. *See* Exhibit A.

17. CIE secured orders for LPA to sell products to CMI on four CMI projects known as: Carroll, Lackawanna, Moxie, and Towantic.

18. The 3.5% agreed commission rate applies to the Carroll, Lackawanna, and Moxie projects.

19. The Towantic project was billed at a 2% commission rate, as agreed between the parties.

20. The Agreement provides: "Commissions on each order for products and services sold will become earned only at such time as the order is shipped to and paid for by the customer. Where partial or less than full payment is made, pro rata commission will be paid. Commissions will be paid within thirty (30) days following receipt of payment to LPA from the customer." Agreement ¶ 3.

21. Under these terms, CIE is owed a total of $307,628.02 in commissions from LPA. *See* invoices attached as Exhibit B.

22. Invoice number 7744 was for $17.805.03, but LPA paid $10,000 towards that invoice and the total is now $7,805.03.

23. CIE's invoices were generated in and mailed from CIE's office in this District.

24. These commissions were earned under the Agreement because the orders on all four CMI projects were (i) placed by CMI's Erie office; (ii) LPA's products were shipped to each project location; and (iii) CMI paid LPA for the products.

25. LPA failed to pay the commissions to CIE within thirty (30) days following its receipt of payment from CMI, or after CMI paid LPA sub-suppliers directly, as required by the Agreement.

26. The Agreement provides that each party shall "indemnify, defend and hold [each other] harmless from all claims, liabilities, causes of action, damages, losses and expenses (including attorney fees) arising out of" a breach of the Agreement.  Agreement ¶ 19.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Contract

27. Paragraphs 1 through 26 above are incorporated by reference as if set forth in full herein.

28. The Agreement (and its amendment) are valid and enforceable.

29. CIE fully performed its obligations under the Agreement.

30. LPA breached the Agreement by failing to pay CIE's commissions as required under the Agreement.

31. CIE is entitled to recover damages resulting from LPA's failure to pay the commissions due under the Agreement.

### COUNT II
### Unjust Enrichment

32. Paragraphs 1 through 31 above are incorporated by reference as if set forth in full herein.

{B3279856.5}                                    4

33.     CIE's services in securing orders from CMI for LPA's products resulted in a measurable benefit to LPA.

34.     LPA consciously accepted that benefit.

35.     The benefit was not conferred officiously or gratuitously. At the time of CIE's services, CIE expected payment.

36.     CIE's expectation of payment was reasonable.

37.     LPA received CIE's services with knowledge that CIE expected to be paid.

38.     The benefits received by LPA for CIE's services give rise to a legal or equitable obligation on the part of LPA to account for the benefits received.

## **RELIEF REQUESTED**

WHEREFORE, based on the facts currently known to CIE, CIE requests damages in the amount of $307,628.02, plus pre-judgment and post-judgment interest, attorney's fees, and such other relief at law or in equity as the Court deems just and appropriate.

Respectfully submitted,

BABST, CALLAND, CLEMENTS
& ZOMNIR, P.C.

Date:  August 25, 2017

/s/ Mark D. Shepard
Mark D. Shepard, Esq.
Nicole Vasquez Schmitt, Esq.
BABST, CALLAND, CLEMENTS
 and ZOMNIR, P.C.
Firm No. 812
Two Gateway Center, 8th Floor
Pittsburgh, PA  15222
(412) 394-5400

*Counsel for Plaintiff C.I.E., Inc.*